IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SONTI BURNETT,<br><br>Plaintiff,<br><br>v.<br><br>DALE NELSON and ASPEN GLEN,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:23-cv-350-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

    Plaintiff Sonti Burnett sues Defendants Dale Nelson and Aspen Glen under the Fair Labor Standards Act. Mr. Burnett contends that he was a tenant at a fourplex apartment building owned and operated by the Defendants, that he spent approximately 90 minutes per week maintaining the grounds of the apartment building and performing other tasks for the Defendants' benefit, that he was the Defendants' employee within the meaning of the FLSA, and that the Defendants failed to pay him a minimum wage for the work that he performed. He also brings a state law claim for unjust enrichment based on the Defendants' failure to pay for the benefit he maintains he conferred upon them.

    The Defendants moved for summary judgment on both of Mr. Burnett's claims, and the court held a hearing on that motion on February 6, 2025. At the hearing, the court provided counsel for Mr. Burnett with a hypothetical set of facts and asked whether, on those facts, a FLSA violation had occurred. Counsel for Mr. Burnett responded that, based on the hypothetical facts, it was doubtful that the FLSA's "financial thresholds" were satisfied. The court then inquired "what . . . [those] thresholds" are. Counsel for Mr. Burnett referred the court to the two requirements for an enterprise to qualify as "engaged in commerce or in the production of goods for commerce" and thus be subject to the FLSA's minimum wage provisions. 29 U.S.C. § 206(a). Such an enterprise must (1) have employees "engaged in commerce or in the

production of goods for commerce," or "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) be "an enterprise whose annual gross volume of sales made or business done is not less than $500,000." *Id.* § 203(s)(1)(A)(i)–(ii).

The court then asked counsel for Mr. Burnett whether the Defendants met those requirements. Counsel for Mr. Burnett pointed to a single, conclusory allegation in the Complaint that "the Utah business entity that is being sued"—that is, Aspen Glen—"was a covered enterprise for purposes of the" FLSA. Dkt. No. 4 at 2 ¶ 5. But the court explained that, at the "summary judgment" stage, "the plaintiff can no longer rest on the pleadings." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). And counsel for Mr. Burnett could point to no "evidence before" the court, *id.*, from which a reasonable jury could find that the Defendants satisfy the FLSA's enterprise coverage requirements. The court accordingly ordered counsel for Mr. Burnett to either (1) present evidence that could support a reasonable jury determination that Aspen Glen or Mr. Nelson is an enterprise covered by the FLSA's minimum wage provisions, or (2) demonstrate that it is not Mr. Burnett's burden to establish that the Defendants are covered by these provisions. The court gave counsel until February 21, 2025, to comply with this order.

Mr. Burnett then filed a supplemental brief conceding that it is his burden to prove that Aspen Glen or Mr. Nelson "is a covered enterprise" under the FLSA. Dkt. No. 47 at 3; *see also Reagor v. Okmulgee Cnty. Fam. Res. Ctr., Inc.*, 501 F. App'x 805, 808 (10th Cir. 2012) (unpublished) (noting that a FLSA plaintiff "bears the burden to show that she is entitled to the protection of the FLSA"). But he did not proffer any evidence that could support a reasonable jury's finding that either Defendant is a covered enterprise. Instead, he filed a separate motion to reopen discovery "for the limited purpose of determining Defendant's status as a covered

enterprise under the FLSA." Dkt. No. 48 at 4. The Defendants responded with evidence that Aspen Glen does not own the fourplex where Mr. Burnett allegedly performed his work and thus could not have been Mr. Burnett's employer. *See* Dkt. No. 49 at 1–4.

Mr. Burnett's request to reopen discovery implicates Federal Rule of Civil Procedure 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Under the scheduling order in this case, fact discovery closed on April 3, 2024. *See* Dkt. No. 23 at 2. Because that deadline has long passed, reopening discovery would require modification of the scheduling order.

"In the Tenth Circuit, good cause [for such a modification] requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *S.G. by and through Gordon v. Jordan Sch. Dist.*, 333 F.R.D. 220, 224 (D. Utah 2019) (cleaned up). "Good cause to amend does not exist where a party fails to act due to an error of law or fact, a strategic decision, or a mere oversight." *Id.* (cleaned up).

The court concludes that Mr. Burnett has failed to show good cause to modify the scheduling order. To the contrary, it appears that his failure to obtain the discovery he now seeks was solely "due to an error of law or fact . . . or a mere oversight." As discussed, Mr. Burnett alleged in his Complaint that Aspen Glen "was a covered enterprise for purposes of the" FLSA. Dkt. No. 4 at 2 ¶ 5. But the Defendants denied that allegation in their answer, thus putting Mr. Burnett on notice that he would need evidence to support this allegation. *See* Dkt. No. 13 at 2 ¶ 5. Mr. Burnett apparently did not seek that evidence in discovery, however, and he specifically represented in a status report—*before* the Defendants filed their motion for summary judgment—that "Mr. Burnett's Complaint speaks for itself, and he needs no further discovery." Dkt. No. 32 at 1 ¶ 1. It follows that Mr. Burnett cannot show that, despite "diligent efforts," he was unable to

obtain the discovery he now seeks before the deadline set for the close of fact discovery. He thus fails to show "good cause" to modify that deadline under Rule 16(b)(4).

The court accordingly grants summary judgment in favor of the Defendants on Mr. Burnett's FLSA claim. Mr. Burnett has not alleged or argued that he personally was "engaged in commerce" while working for the Defendants, 29 U.S.C. § 206(a), and he almost certainly could not plausibly allege or credibly argue that he "directly participate[d] in the actual movement of persons or things in interstate commerce" as required for "individual coverage" of his FLSA claim, *Reagor*, 501 F. App'x at 809 (cleaned up). The court accordingly need not consider this possibility. Instead, Mr. Burnett argues that at least one of the Defendants is a covered enterprise. But Mr. Burnett has not identified any evidence from which a reasonable jury could conclude that Aspen Glen or Mr. Nelson—considered together or separately—has an "'annual gross volume of sales made or business done' of $500,000 or more," as required to establish "enterprise coverage." *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)(ii)). Nor does evidence in the record showing that one or both of the Defendants owned or operated the fourplex apartment in which Mr. Burnett was a tenant support a "justifiable inference[]" that either or both of the Defendants met this financial threshold. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It follows both that there "is no genuine dispute as to" this issue and that the Defendants are "entitled to judgment as a matter of law" on Mr. Burnett's FLSA claim. Fed. R. Civ. P. 56(a).[1]

---

[1] To be sure, the Defendants did not originally move for summary judgment on the ground that Aspen Glen and Mr. Nelson are not covered enterprises. But the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it," where "a party *fails to properly support an assertion of fact*." Fed. R. Civ. P. 56(e)(3) (emphasis added). Further, the court may "grant the motion on grounds not raised by a party" if it gives the parties "notice and a reasonable time to

Finally, although the court has supplemental jurisdiction over Mr. Burnett's claim for unjust enrichment given its factual relationship to his FLSA claim, it lacks original jurisdiction over that claim because it does not arise under federal law and because Mr. Burnett and Mr. Nelson are both citizens of Utah. "The Tenth Circuit has explained that when all federal claims have been dismissed, the court may, and usually should, decline to exercise supplemental jurisdiction over any remaining state-law claims." *Reyes v. N.A.R., Inc.*, 546 F. Supp. 3d 1031, 1042 (D. Utah 2021) (cleaned up). The court will follow that guidance here and dismiss Mr. Burnett's claim for unjust enrichment without prejudice.

\*   \*   \*

For the foregoing reasons, Mr. Burnett's motion to reopen discovery is **DENIED**. Summary judgment is **GRANTED** in favor of the Defendants on Mr. Burnett's FLSA claim, and Mr. Burnett's unjust enrichment claim is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 27th day of March, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

respond." Fed. R. Civ. P. 56(f)(2). Here, Mr. Burnett failed properly to support his assertion that Aspen Glen is a covered enterprise, despite being provided notice of this potential ground for summary judgment and an opportunity to respond.